UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BRENDA SITGRAVES, PLAINTIFF

v. CIVIL ACTION NO. 3:09-CV-668-S

UPS FLEXIBLE BENEFITS PLAN, DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Brenda Sitgraves worked for the United Parcel Service from 2004 until 2007. In March 2007, she was injured in an automobile accident; as a result she began receiving long-term disability benefits from defendant UPS Flexible Benefits Plan (the "Plan") in October 2007. The Plan terminated her benefits on December 5, 2008, and Sitgraves admits to not pursuing any administrative appeals. (Resp. 2.) She filed this lawsuit in October 2009, seeking reinstatement of her benefits. The Plan has moved to dismiss the case (or, in the alternative, for summary judgment) on the ground that Sitgraves failed to exhaust her administrative remedies. We will grant summary judgment.

"Although ERISA is silent as to whether exhaustion of administrative remedies is a prerequisite to bringing a civil action," the Sixth Circuit has nonetheless held that "the administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004); *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991). The exhaustion requirement "enables plan fiduciaries to efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions." *Ravencraft v. UNUM Life Ins. Co. of Am.*, 212 F.3d 341, 343 (6th Cir. 2000) (*quoting*

*Makar v. Health Care Corp.*, 872 F.2d 80, 83 (4th Cir. 1989)). In order to exhaust the administrative process, a plaintiff must pursue whatever appeal mechanisms are available. Plaintiff's judicial admission in her response brief that she "did not seek any administrative appeals" conclusively establishes that fact (which is nowhere disputed), and thus conclusively establishes that she did not exhaust her administrative remedies. *See Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 394 (6th Cir. 2007) ("Judicial admissions dispense with the need to offer proof on facts 'about which there is no real dispute.'" (*Quoting New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 24 (6th Cir. 1963).).

It is true that exceptions are occasionally made to the exhaustion requirement "where resorting to the plan's administrative procedure would simply be futile or the remedy inadequate." *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 419 (6th Cir. Ohio 1998) (*citing*, *e.g.*, *Costantino v. TRW Inc.*, 13 F.3d 969 (6th Cir. 1994)). "The standard for adjudging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made. A plaintiff must show that it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." *Id.* (citations and internal quotation marks omitted). However, "[t]he futility exception is . . . quite restricted and has been applied only when resort to administrative remedies is clearly useless." *Communications Workers of Am. v. AT&T*, 40 F.3d 426 (D.C. Cir. 1994) (citations and internal quotation marks omitted). The courts of the Sixth Circuit have applied the futility doctrine in two contexts: (1) where the "Plaintiffs' suit [is] directed to the legality of [the plan], not to a mere interpretation of it," and (2) where the defendant "lacks the authority to institute the [decision] sought by Plaintiffs." *Dozier v. Sun Life Assur. Co. of Can.*, 466 F.3d 532, 535 (6th Cir. 2006) (*quoting Costantino*, 13 F.3d at 975;

*Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 719 (6th Cir. 2005)). Neither scenario exists here. Plaintiff argues that she was financially unable to gather additional medical evidence in support of her claim, and that an appeal based on the same evidence as her original claim would simply have been denied. Supposing those assertions to be true, they do not fit the futility exception. There is no argument either that the plan is illegal or that the defendant could not have reversed itself on appeal. At bottom, all we have here is an assertion that such a reversal would have been unlikely. Such is not enough to make out a valid argument for futility. *See*, *e.g.*, *Laird v. Norton Healthcare, Inc.*, 2010 U.S. Dist. LEXIS 7349 (W.D. Ky. Jan. 29, 2010); *Simpson v. Am. Elec. Power Serv. Corp.*, 2006 U.S. Dist. LEXIS 51520 (S.D. Ohio July 27, 2006). Plaintiff has not given us reason to think the appeal process would have been "clearly useless," so her claim must fail.

The plaintiff's own admission establishes that her case is doomed. That being the case, no other facts can possibly be material. Accordingly we will grant summary judgment by separate order.